**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4485**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

         v.

FERNANDO MIGUEL NUNEZ,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever, III,
District Judge.  (5:08-cr-00262-D-1)

Submitted: August 31, 2010        Decided: September 20, 2010

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Fernando Miguel Nunez, Appellant Pro Se.  Anne Margaret Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Miguel Nunez appeals his conviction and within-guidelines 365-month sentence imposed after he waived indictment and pled guilty, pursuant to a written plea agreement, to a criminal information charging possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006). After obtaining leave to proceed on appeal pro se, Nunez filed a brief, claiming his sentence is unreasonable. The Government filed a motion to dismiss based on an appeal waiver provision in the plea agreement. Nunez filed a response to the motion to dismiss, presenting for the first time a claim that ineffective assistance of counsel prevented him from knowingly and intelligently waiving his right to appeal and places his appeal outside of the scope of the waiver.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

The issues raised by Nunez in his pro se brief are encompassed by the scope of the waiver provision in which Nunez agreed to

> waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, . . . reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing . . . , excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Nunez's claims of error in sentencing are foreclosed by the express terms of the waiver, and we dismiss the appeal as to those claims.

We conclude that Nunez's claim of ineffective assistance of counsel is not cognizable on direct appeal as ineffective assistance does not conclusively appear on the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We therefore affirm Nunez's conviction and dismiss the appeal to extent Nunez seeks to challenge his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3